# EXHIBIT 1.1

Case 5:11-cv-01488-R   Document 1-2   Filed 12/16/11   Page 1 of 8

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.

NOV 2 3 2011

PATRICIA PRESLEY, COURT CLERK
by _____ DEPUTY

| | |
|---|---|
| FREDDIE J. POPE and NANCY L. McKINNEY, <br><br> Plaintiffs, <br><br> v. <br><br> COLONIAL PENN LIFE INSURANCE COMPANY, a corporation, <br><br> Defendant. | Case No: CJ-2011-9476 <br><br> BARBARA SWINTON <br><br> ATTORNEY LIEN CLAIMED <br> JURY TRIAL DEMANDED |

## PETITION

1. Plaintiffs are both residents of Oklahoma City, Oklahoma County, State of Oklahoma.

2. Defendant, Colonial Penn Life Insurance Company, is a corporation, a foreign insurance company incorporated and domiciled in the State of Pennsylvania and maintains its principal place of business in a state other than in Oklahoma.

3. Both Plaintiffs purchased life insurance coverage from the Defendant in the State of Oklahoma in November of 2005 and have continually paid monthly life insurance premiums to the Defendant since that time. Both of Plaintiffs' policies were in the face amount of $10,000 naming each other as beneficiaries of these policies.

4. Freddie J. Pope was issued Colonial Penn Life Insurance Company life insurance policy number FT37396984 with a life benefit amount of $10,000 on November 10, 2005 and paid monthly premiums of $58.80 for that policy coverage until November of 2010. He received a letter dated November 10, 2010 advising him that the monthly premium for his policy would increase to $96.40.

5. . Nancy L. McKinney was issued Colonial Penn Life Insurance Company life insurance policy number FT37396976 with a life benefit amount of $10,000 on November 10, 2005 and paid premiums of $21.90 a month for that policy coverage until November of 2010. She received a letter dated November 10, 2010 advising her that the monthly premium for her policy would increase to $28.00. She was offered and issued another Colonial Penn Life Insurance Company life insurance policy, number AL20387968, effective December 10, 2010, for a monthly premium of $46.60 and a benefit amount of $10,000.00.

## DECEIT, FALSE REPRESENTATION, NON-DISCLOSURE AND CONCEALMENT

6. Defendant, in conformity with their routine corporate practice in the sale of such life insurance policies, intentionally induced Plaintiffs to purchase these life insurance policies through deceit by promising a life insurance product for which the premium would never increase and, then, intentionally suppressing the fact that the insurance policies actually issued provide for rate increases and at a time when Defendant knew that their promises of no rate increases were likely to mislead the Plaintiffs without communication of the true suppressed fact.

7. When the Plaintiffs each received letters dated November 10, 2010, they both became aware of the truth for the first time that their life insurance coverage issued by the Defendant would not continue without any premium increases. Colonial Penn told the Plaintiffs at that time that Defendant had other life insurance coverage available with rates that would never increase and the Plaintiffs told Colonial Penn that such policy was the life insurance coverage that they were promised and sold in 2005. In

2

fact, through the Defendant's routine "bait-and-switch" scheme, the Plaintiffs were intentionally misled and induced into purchasing these policies based upon the representations of life coverage for which the premiums would never increase, but were actually issued a policy for which this fact was false with the Defendant intentionally suppressing the true fact of increasing premiums.

8.   All the facts supporting this cause of action are set forth in this paragraph detailing the persons, places and events with as much particularity as can presently be identified by the Plaintiffs. Plaintiffs were sold and agreed to purchase life insurance coverage based upon a TV commercial and a telephone conversation following the commercial. Just a few days prior to November 3, 2005, both Plaintiffs, at their home, watched a television commercial from the Defendant that featured two women walking to and meeting at their mailboxes. Colonial Penn represented the average cost of a funeral (on best memory about $6,500) and touted low premiums (on best memory about $6.00 per month). Most importantly, the Defendant's commercial for their life insurance product emphasized that premiums would never ever increase throughout a person's life for Defendant's life insurance coverage. The commercial gave a telephone number if you were interested in purchasing such coverage. Following the commercial, Ms. McKinney, in Mr. Pope's presence, at their home, called Colonial Penn at the telephone number provided in the commercial and told Colonial Penn's representative (unidentified) that she and Mr. Pope were interested in purchasing the life insurance coverage advertised by Colonial Penn in the commercial. The Colonial Penn representative explained to Ms. McKinney generally that you could not purchase

3

sufficient life insurance for the monthly amount described in the television commercial, but that she and Mr. Pope probably could qualify for good monthly rates based upon their age and health. In providing these explanations, the Colonial Penn representative did not disclose that he was quoting premiums for a life insurance product much different from the life insurance product advertised in the commercial. Specifically, the Defendant intentionally suppressed and failed to advise that the life insurance coverage differed from the commercial's promise of never having a rate increase, at a time when the Defendant knew that these Plaintiffs would be relying upon this specific promise in the purchase of the insurance coverage – all pursuant to the Defendant's routine scheme to induce the sale of such policies. The Plaintiffs did rely upon the commercial's promise of life insurance coverage without any increase in premiums in deciding at that time to purchase the Defendant's life coverage and were intentionally misled by the commercial and by the Defendant's intentional suppression of the truth pertaining to this fact in switching them to different coverage during the telephone call that the Defendant knew was generated by such commercials.

9. Plaintiffs allege that the Defendant can persist in this intentional, "bait-and-switch" scheme to deceitfully sell these policies on the basis of a never increasing premium only by carefully wording, including in the policy, and pointing to factors that distinguished the issued policy from the life insurance coverage promised in the commercial. Colonial Penn can persist in this deceitful marketing scheme only by pointing to what might have occurred if a person chose not to believe and rely upon the exact false representations and omissions which they intentionally utilize to create a

4

false impression that you are purchasing coverage with premiums that will never increase. In fact, the commercial touts premium amounts and coverage that the Defendant knows will rarely, if ever, be sold to those responding to the commercials. Rather, the commercials are intended to create a false impression to mislead prospective purchasers that Defendant knows they will be switching to a different product while concealing the truth that premiums will increase on the life insurance policy.

10.     Defendant's conduct was deceit because of their suppression of the fact of premium increases at a time when the Defendant was bound to disclose it; or because the Defendant gave the promises of never having any premium increases on their life insurance policies that was likely to mislead the Plaintiffs without specific communication of the fact that the policies being issued to them would have increase in premiums; or because they made the promise of no premium increases for their life insurance product without any intention of providing such coverage to the vast majority of persons responding to the commercials, including the Plaintiffs.

11.     When dealing with the Plaintiffs, the Defendant had the duty to disclose at the time the Plaintiffs decided to purchase this policy, through the commercial and through their sales presentation on the telephone call, that the premiums on these policies would increase because 1) a reasonably careful person under the circumstances would attach importance to this fact in determining his course of action; 2) the Defendant concealed the fact knowing the Plaintiffs would likely regard it as important in deciding to purchase the policies; 3) the Defendant and Plaintiffs were in a

5

confidential or fiduciary relationship; 4) the Defendant had stated that their insurance policies would never have an increase in premiums; 5) they subsequently switched the Plaintiffs to a different product knowing that the Plaintiffs were acting under the impression that the facts that were originally stated were still true; or, 6) Defendant had stated the fact of never increasing premiums knowing that it would create a false impression of the actual facts in the minds of the Plaintiffs in selling this insurance policy to them.

12. The Defendant made a false material representation, knowing that it was false with regard to the insurance coverage they actually intended to market to these Plaintiffs, with the intention that it be acted upon by the Plaintiffs. The Plaintiffs did act in reliance upon this false representation of never increasing premiums and thereby suffered injury.

13. The Defendant concealed or failed to disclose the fact that these policies did have increasing premiums at a time when the Defendant had a duty to disclose that fact. The fact was material and the Defendant concealed or failed to disclose it with the intent of creating a false impression of the actual facts in the mind of the Plaintiffs. Defendant concealed or failed to disclose this fact with the intention that it should be acted upon by the Plaintiffs and the Plaintiffs did act in reliance upon it and thereby suffered injury.

14. As a proximate result of the Defendant's deceit, false representation, non-disclosure and concealment, Plaintiffs' have suffered the loss of the promised policy

coverage and increased premiums, anxiety, frustration, mental and emotional distress, attorney fees and costs of litigation.

15.   Defendant has been guilty of reckless disregard for the rights of Plaintiffs and others and has acted intentionally and with malice toward Plaintiffs and others such that an award of punitive damages is appropriate.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant, Colonial Penn Life Insurance Company, for all damages suffered, for exemplary damages, and for all other appropriate relief. Special damages are in the amount of the increased premiums as set forth herein and for the expenses of this litigation. The other general damages and punitive damages set forth herein are peculiarly within the province of a jury. Pursuant to Oklahoma Statute, the Plaintiffs state that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

MANSELL, ENGEL & COLE

By: _____
Steven S. Mansell, OBA# 10584
Mark A. Engel, OBA# 10796
Kenneth G. Cole, OBA #11792
101 Park Avenue, Suite 665
Oklahoma City, OK 73102
Telephone: (405) 232-4100
Facsimile: (405) 232-4140
Email: mansell-engel@coxinet.net

**ATTORNEYS FOR PLAINTIFFS**